Winnie C. Faulkner, Appellee, v. Fay Edward Faulkner and Gertrude Faulkner, Appellants.

Gen. No. 9,678.

Opinion filed March 3, 1950. Released for publication March 29, 1950.

MEYER & FRANKLIN, of Champaign, for appellants.

DOBBINS, DOBBINS & FRAKER, of Champaign, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Watson Faulkner died March 25, 1943, the owner of certain business property in Champaign, Illinois.

The fourth clause of his will devised the property as follows:

". . . to my daughter, May D. Crosby, and my son Fay Edward Faulkner, share and share alike, *subject, however,* to the right to said May D. Crosby to manage, operate, rent and control said property, and after the payment of taxes, insurance, repairs and any special assessments and any other necessary expense, the said May D. Crosby to be entitled to keep all the net returns from said property as her own property as long as she shall live, with the following exception—

"That the said May D. Crosby shall pay the taxes, special assessments and also the interest on a $2,500.00 mortgage on the home place of my son, Winnie C. Faulkner, located at No. 403 Westfield Street, Rochester, New York. Said payments for Winnie C. Faulkner to continue as long as the said Winnie C. Faulkner shall live; and provided further, that said May D. Crosby shall not be obliged to make such payments above mentioned on said Rochester property during any calendar year that the Champaign business property shall not make sufficient net returns to make such payments on the Rochester property; and said May D. Crosby shall not be required to pay anything on the principal of the mortgage loan on said Rochester property.

"Said May D. Crosby and Fay Edward Faulkner shall not have the right to sell or partition said Champaign business property, nor shall it be subject to any sale on execution, during the lifetime of said Winnie C. Faulkner;

"And, after the death of said Winnie C. Faulkner, then said May D. Crosby and Fay Edward Faulkner shall have the right to sell said Champaign business property, and divide the net returns from said sale equally."

May D. Crosby died May 4, 1947.

The question to be decided is whether said payments to Winnie ceased with the death of May, or whether they were to continue during the lifetime of Winnie, and were a charge upon the Champaign real estate.

██ No particular words are necessary to create a charge upon real estate. We seek to determine the testator's intent. Precedents are of no great importance in a matter of this kind because of the fact that the language of no two wills is exactly the same, and it is to the language of the will that we must look to determine the intent of the testator.

In the second paragraph of the fourth clause of said will it is provided: "Said payments for Winnie C. Faulkner to continue as long as the said Winnie C. Faulkner shall live." This is indicative of the fact that the testator intended these payments to continue during the entire lifetime of Winnie C. Faulkner without reference to the lifetime of any other person involved.

Said clause further provides "that said May D. Crosby shall not be obliged to make such payments above mentioned on said Rochester property during any calender year that the Champaign business property shall not make sufficient net return to make such payments on the Rochester property."

This certainly indicates that the testator was not imposing a personal obligation on May D. Crosby to make these payments, but intended it to be a charge on the real estate. Of course the language does not state "that the said May D. Crosby shall," but we believe that this reference was made to her because she was the person who was given the right to the income and the right to manage the property. She was nothing more than a conduit by which a share of the income from the property was transferred to Winnie C. Faulkner.

Said clause further provides as follows: "Said May D. Crosby and Fay Edward Faulkner shall not have the right to sell or partition said Champaign business property, nor shall it be subject to any sale on execution during the lifetime of said Winnie C. Faulkner; . . . ." This is further evidence of the intention that the testator was concerned with maintaining said property as a source of income for said Winnie C. Faulkner, and this without reference to the fact as to whether or not May D. Crosby was alive or dead.

Said clause further provides "And after the death of said Winnie C. Faulkner then said May D. Crosby and Fay Edward Faulkner shall have the right to sell said Champaign business property and divide the net return from said sale equally." Again we believe that this is further evidence of the fact that the testator was concerned with maintaining the status of this property until after the death of Winnie C. Faulkner.

Arguments of counsel for the appellants are ingenious, but we do not believe that they present the intentions of the testator.

What was the testator trying to accomplish by these provisions for Winnie? It should be noted that the money was to be used to pay the taxes, special assessments and the interest on a mortgage on the home of his son, Winnie. It is apparent that testator intended to make certain that the son would always have a home in which to live and it was his intention to see that this condition existed as long as the son was alive. There is no necessary relationship between this intention of the testator and the life or death of either May D. Crosby or Fay Edward Faulkner. The testator wanted to take care of Winnie whether May was alive or dead.

The only case cited by either counsel which is analogous to the case at bar is the case of *Sullivan v. Sullivan*, 242 Ill. App. 501. That case involved the will of Lott Sullivan. By the second clause of the will he

devised to his son William certain lands and after the devise was the following:

"Said son, William Sullivan, is to pay to my daughter, Maggie Sullivan, seventy-five cents per acre on the first of every January during her life . . . ."

William Sullivan predeceased Maggie and the same question was before the court as is before the court now. The Appellate Court for the Second District held that this was a charge for the entire lifetime of Maggie and payments were not to cease upon the death of William.

█ It is our opinion from a study of the entire will that the testator wished to maintain a home for his son Winnie during Winnie's entire lifetime; that the payments were not to cease at the death of May but are a charge on the real estate and to be paid until Winnie's death.

We believe that the chancellor below correctly construed the will and the decree should be affirmed.

*Judgment affirmed.*